Robert T. Szyba – ID No. 020082009
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500
rszyba@seyfarth.com

Barry J. Miller (*pro hac vice* anticipated)
Anthony S. Califano (*pro hac vice* anticipated)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
(617) 946-4800
bmiller@seyfarth.com
acalifano@seyfarth.com

*Attorneys for Defendant Blacklane North America Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YOUSIF ALMANDALAWI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLACKLANE NORTH AMERICA INC.; JOHN DOES 1-10 (fictitious names), and ABC CORPORATIONS 1-10 (fictitious NAMES),<br><br>Defendants. | Civil Action No.: 24-cv-10124<br><br>**NOTICE OF REMOVAL** |

## **TABLE OF CONTENTS**

**Page**

Notice .................................................................................................................................... 1

Timeliness of Removal ........................................................................................................ 1

Removal Is Proper Based on Diversity Jurisdiction Under 28 U.S.C. § 1332(a) ................ 2

Removal Is Proper Based Under CAFA, 28 U.S.C. § 1332(d)(2) ........................................ 5

Blacklane Has Satisfied the Remining Procedural Requirements for Removal .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   574 U.S. 81 (2014)......................................................................................................6

*Huber v. Taylor*,
   532 F.3d 237 (3d Cir. 2008).........................................................................................4

*La Stella v. Aquion, Inc.*,
   No. 19-cv-10082, 2020 WL 7694009 (D.N.J. Dec. 28, 2020)....................................6

*Rodriguez v. Burlington Cty. Corr. Dept.*,
   No. 1:14-cv-04154, 2015 U.S. Dist. LEXIS 22456 (D.N.J. Feb. 25, 2015) ..........3, 4

*The Hertz Corp. v. Friend*,
   559 U.S. 77 (2010)......................................................................................................2

*Zanger v. Bank of Am.*,
   No. 10-2480, 2010 U.S. Dis. LEXIS 105028 (D.N.J. Oct. 1, 2010)..........................3

**Statutes**

28 U.S.C. § 1332............................................................................................................ *passim*

28 U.S.C. § 1441..........................................................................................................................1

28 U.S.C. § 1332(a) ...........................................................................................................1, 2, 5

28 U.S.C. § 1332(a)(1).......................................................................................................4

28 U.S.C. §§ 1332(c) ..........................................................................................................1

28 U.S.C. § 1332(d)(2) ....................................................................................................1, 5

28 U.S.C. § 1332(d)(2)(A) ..................................................................................................5

28 U.S.C. § 1332(d)(5)(B) ..................................................................................................5

28 U.S.C. § 1332(d)(6) .......................................................................................................5

28 U.S.C. § 1441(a) .................................................................................................1, 5, 10

28 U.S.C. § 1441(b) ............................................................................................................2

28 U.S.C. § 1446..............................................................................................................10

28 U.S.C. § 1453 ........................................................................................................................1

N.J.S.A. § 2A:15-5.14 ................................................................................................................3

N.J.S.A. §34:11-56a25 ............................................................................................................3, 8

N.J.S.A. § 34:11-56a25.1 ...........................................................................................................7

New Jersey Minimum Wage Law ..............................................................................................9

**Other Authorities**

Chicago L. Rev., available at https://lawreview.uchicago.edu/online-
   archive/distributing-corporations-brain-principal-place-business-without-
   physical-presence (last visited Oct. 28, 2024) ......................................................................2

Nicholas Hallock, *Distributing the Corporation's Brain: Principal Place of
   Business Without Physical Presence*, U. Chicago L. Rev., available at
   https://lawreview.uchicago.edu/online-archive/distributing-corporations-brain-
   principal-place-business-without-physical-presence (last visited Oct. 28,
   2024) .....................................................................................................................................2

Senate Judiciary Committee Report, S. Rep. No. 109-14 (2005), *reprinted in* 2005
   U.S.C.C.A.N. 3, 40 ...............................................................................................................5

TO:   Clerk of the Court
      United States District Court for the District of New Jersey
      Mitchell H. Cohen Building & U.S. Courthouse
      4th & Cooper Streets
      Camden, NJ 08101

**PLEASE TAKE NOTICE THAT**

Blacklane North America Inc. ("Defendant"), by its attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal with respect to the case identified as *Yousiff Almandalawi, et al. v. Blacklane North America Inc., et al.*, Docket No. GLO-L-001178-24, Superior Court of New Jersey, Law Division, Gloucester County (the "State Court Action").  This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a) ("Diversity Jurisdiction") and 28 U.S.C. section 1332(d)(2) (the Class Action Fairness Act of 2005 or "CAFA").  Also, this Court has removal jurisdiction under 28 U.S.C. §§ 1332(c), 1332(d)(2), 1441(a), 1446 and 1453.

In support of this Notice of Removal, Defendant states as follows:

**TIMELINESS OF REMOVAL**

1.    On September 19, 2024, the only named Plaintiff in this putative class action, Yousif Almandalawi ("Plaintiff"), filed the State Court Action.  A true and correct copy of the Complaint, Summons, and case opening forms is annexed hereto as **Exhibit A**.

2.    Plaintiff caused papers, including the Summons and Complaint in this matter, to be left with a receptionist who was not employed by Defendant at a facility that was not owned or controlled by Defendant on September 27, 2024.[1]

---

[1] Defendant denies that service was proper, as the summons and associated materials were not served on any representative of Defendant.  Also, Defendant denies the allegations in the Complaint, denies that Plaintiff has named the proper entity as the Defendant, and denies that it was Plaintiff's or any of the putative class members' employer.  Accordingly, Defendant reserves the right to challenge or otherwise address these defects in subsequent filings.

3. Because Defendant has filed this Notice of Removal within thirty (30) days of alleged service, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

4. Defendant has filed no pleadings in the State Court Action.

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

5. One basis for removal is diversity jurisdiction under 28 U.S.C. § 1332(a), in that:

   a. Plaintiff is a citizen of the State of New Jersey, residing in Deptford, New Jersey (Compl. ¶ 6);

   b. Defendant is a foreign corporation, organized under the laws of Delaware. Defendant has no corporate headquarters in the United States, and no physical facility in the United States that serves as the "nerve center" of the company, as that phrase is used in the governing jurisprudence regarding corporate citizenship. *See The Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (adopting "nerve center" approach to determining corporation's principal place of business). Thus, Defendant is considered a citizen of Delaware. *See* Nicholas Hallock, *Distributing the Corporation's Brain: Principal Place of Business Without Physical Presence*, U. Chicago L. Rev., available at https://lawreview.uchicago.edu/online-archive/distributing-corporations-brain-principal-place-business-without-physical-presence (last visited Oct. 28, 2024) (a corporation that has no principal place of business, "for purposes of § 1332(c)(1) is a citizen *only* of its state of incorporation.").

6. Accordingly, this action is one in which the named parties are citizens of different states, and Defendant is not a citizen of New Jersey. 28 U.S.C. § 1441(b).

7. Also, the amount in controversy regarding Plaintiff's individual claims exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

8. Plaintiff does not specify his alleged damages in the Complaint or his other filings to date in the State Court Action. He is silent as to the amount in controversy.

9. However, in his request for relief, Plaintiff seeks: (1) minimum wages; (2) overtime wages; (3) business expenses; (4) sick leave compensation; (5) tips and gratuities; (6) amounts deducted, withheld, or diverted from wages; (7) toll payments; (8) triple damages as liquidated damages; (9) punitive damages for the tort of conversion; (10) attorneys' fees and costs; and (11) interest. Compl. ¶¶ 101-142.

10. The various forms of damages that Plaintiff seeks would exceed $75,000 if Plaintiff were to prevail at trial.

11. Among other forms of relief, triple damages, punitive damages, and attorneys' fees are available to a prevailing plaintiff under the statutory regimes that Plaintiff purports to invoke. N.J.S.A. §34:11-56a25 (permitting successful plaintiff on wage claim to recover unpaid wages, plus 200 percent of such amount as liquidated damages); N.J.S.A. § 2A:15-5.14 (allowing punitive damages up to five times the amount of a defendant's liability for compensatory damages or $350,000, whichever is greater); *Zanger v. Bank of Am.*, No. 10-2480, 2010 U.S. Dis. LEXIS 105028, at *12 (D.N.J. Oct. 1, 2010) ("it is settled that a court may aggregate attorneys' fees and compensatory and punitive damages to determine the amount controversy if the plaintiff's claim for attorneys' fees is statutory.") (internal citations excluded).

12. Plaintiff's attorneys' fees, alone, are likely to exceed the jurisdictional threshold if Plaintiff prevails. *See, e.g., Rodriguez v. Burlington Cty. Corr. Dept.*, No. 1:14-cv-04154, 2015 U.S. Dist. LEXIS 22456, at *7-8 (D.N.J. Feb. 25, 2015) ("The Third Circuit has noted that attorney's fees can be estimated to be as high as 30% of the final judgment.") (internal citations excluded). Over six years ago, in January of 2018, Plaintiff's lead counsel, Shannon Liss-

Riordan, submitted a declaration in support of her fee petition in a wage lawsuit, in which she requested fees at a rate of $800 per hour. *See* **Exhibit B** at ¶ 19. In that declaration, Attorney Liss-Riordan stated as follows regarding the $800 rate that she requested: "This is the rate I have most recently been awarded in other cases." *Id.* (collecting cases). She also estimated that, in other cases she has settled, her effective rate has ranged between $600 and $1,000 per hour, "and often higher." *Id.* At such rates, Plaintiff's claimed attorneys' fees alone, if he were to prevail on his claims, would likely exceed $75,000.

13. Plaintiff's claim for punitive damages also serves to establish the jurisdictional threshold. *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) ("claims for punitive damages *will generally satisfy the amount in controversy requirement because it cannot be said to a legal certainty that the value of the plaintiff's claim is below the statutory minimum*." (internal quotations and citations excluded) (emphasis in original).

14. Accordingly, given the various forms of damages that Plaintiff seeks, the amount in controversy requirement is met as to Plaintiff's individual claims, even if Plaintiff were to recover a modest amount in unpaid wages before factoring the other statutory damages available. *See, e.g., Rodriguez*, 2015 U.S. Dist. LEXIS 22456, at *7-8 (jurisdictional threshold satisfied where complaint was silent on amount in controversy, stating: "Even if the Plaintiff received $10,000 in lost wages, five times that amount in punitive damages ($50,000), and 30% of the $60,000 award in attorney's fees, her final award ($78,000) would surpass the requisite amount in controversy ($75,000). . . In light of this conservative estimate of potential compensatory damages, this Court is not satisfied, to a legal certainty, that the Plaintiff could not attain an award of $75,000 or more if her suit is successful.").

15. In sum, because diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) and the amount in controversy regarding Plaintiff's individual claims exceeds $75,000, as required by 28 U.S.C. § 1332(a), this case falls within the original jurisdiction of this Court and is subject to removal on diversity grounds.

**REMOVAL IS PROPER BASED UNDER CAFA, 28 U.S.C. § 1332(d)(2)**

16. This Court also has original jurisdiction over this action under CAFA. As set forth below, the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a Defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore, the number of putative class members is greater than 100. 28 U.S.C. § 1332(d)(5)(B).

17. CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction. That is, at least one class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A).

18. Here, as noted above, such minimal diversity exists: Plaintiff is a citizen of a state, New Jersey, that is different from the state of citizenship of Defendant, which is Delaware.

19. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. Therefore, the presence of "Doe" defendants in this case has no bearing on diversity of citizenship for removal and does not deprive this Court of jurisdiction under CAFA.

20. As for the amount in controversy, under CAFA, the claims of individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. 28 U.S.C. § 1332(d)(6).

21. In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of

the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40. The Senate Judiciary Committee's Report on CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id*. at 42-43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

22.   When, as here, the complaint does not allege a specific amount in damages, the removing defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *La Stella v. Aquion, Inc.*, No. 19-cv-10082, 2020 WL 7694009, at *3-4 (D.N.J. Dec. 28, 2020). To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).

23.   Here, the following facts[2] satisfy the amount in controversy threshold under CAFA:

---

[2] The quantitative assertions below are based on queries and reports from Blacklane's electronic information management systems, which are believed to be substantially accurate, but like all large data sets, may be subject to data entry errors and other minor discrepancies driven by technological considerations. Blacklane reserves the right to submit more detailed calculations

a. Blacklane operates a platform on which individuals seeking a black car limousine ride (a "rider") may request transportation. When a rider requests a ride, the Blacklane platform offers the opportunity to independent, local limousine companies ("Local Service Providers") to accept an offer for the ride. The Local Service Provider then assigns the ride to one of its chauffeurs. Riders pay Blacklane for the ride at a price established by Blacklane, and Blacklane then pays the Local Service Provider the amount that the Local Service Provider agreed to be paid for the ride. Blacklane has no direct financial or business relationship with the chauffeurs that provide rides, does not provide them with any compensation or benefits, and has no information about any payments from the Local Service Providers to the chauffeurs for providing rides that are scheduled on the Blacklane platform.

b. During the six-year period preceding the filing of this case, a total of 4,290 unique individuals provided rides scheduled on the Blacklane platform that began and/or ended in New Jersey.[3]

c. A total of 208,535 rides that began and/or ended in New Jersey were scheduled on the Blacklane platform during the six-year period preceding the filing of this action. Those rides involved a total travel distance of more than 11 million kilometers and total travel time of approximately 202,785 hours.

---

and supporting evidence in conjunction with any motion to remand that Plaintiff may file challenging the amount in controversy in this matter.
[3] The statute of limitations on minimum wage claims under New Jersey law is generally six years. N.J.S.A. § 34:11-56a25.1.

d. To the extent that Blacklane were found to have been obligated to pay chauffeurs who provided rides on the Blacklane platform at the New Jersey minimum wage rates in effect during the six-year period prior to the filing of this action, the total amount of such minimum wage payments would be approximately $2,648,386.02, apportioned as follows:

| Time Period | Hours | Minimum Wage Rate | Minimum Wage Earned |
|---|---|---|---|
| 9/9/18 - 12/31/18 | 6117.49 | $8.60 | $52,610.43 |
| 2019 | 22687.98 | $11.00 | $249,567.82 |
| 2020 | 6321.04 | $11.00 | $69,531.44 |
| 2021 | 19167.51 | $12.00 | $230,010.06 |
| 2022 | 45584.43 | $13.00 | $592,597.57 |
| 2023 | 56130.87 | $14.13 | $793,129.22 |
| 2024 YTD | 46775.62 | $14.13 | $660,939.49 |
| Total | 202784.94 | | $2,648,386.02 |

e. If the minimum wage payments noted above were subject to the treble damages provisions of the N.J.S.A. §34:11-56a25, that sum would total approximately $7,945,158.05.

f. For the same period of time, if chauffeurs providing rides on the Blacklane platform were entitled to earned sick time from Blacklane as alleged in the Complaint, the total accrual of such sick time entitlements would be $88,279.53, apportioned as follows:

| Time Period | Hours Driven | Sick Hours Earned | Minimum Wage Rate | Sick Dollars Earned |
|---|---|---|---|---|
| 9/9/18 - 12/31/18 | 6117.49 | 203.92 | $8.60 | $1,753.68 |
| 2019 | 22687.98 | 756.27 | $11.00 | $8,318.93 |
| 2020 | 6321.04 | 210.70 | $11.00 | $2,317.71 |
| 2021 | 19167.51 | 638.92 | $12.00 | $7,667.00 |
| 2022 | 45584.43 | 1519.48 | $13.00 | $19,753.25 |

| | | | | |
|---|---|---|---|---|
| 2023 | 56130.87 | 1871.03 | $14.13 | $26,437.64 |
| 2024 YTD | 46775.62 | 1559.19 | $14.13 | $22,031.32 |
| Total | 202784.94 | 6759.50 | | $88,279.53 |

    g. If this amount were subject to trebling pursuant to New Jersey law, that amount would total $264,838.60.

    h. During the six-year period preceding the filing of this action, Blacklane charged approximately $441,714 in Give Back Penalties and other Penalties, as described in paragraphs 54 through 60 of the Complaint in this action, based on rides that began and/or ended in New Jersey. If that amount were subject to the treble damages provision of the New Jersey Minimum Wage Law, that sum would total approximately $1,325,140.92.

    i. Plaintiff also contends that he and members of the class he aspires to represent are entitled to recover tolls incurred for the trips that they provided and that were scheduled through the Blacklane platform. Compl. ¶¶ 124-130. While Blacklane has no information about the tolls actually incurred or paid by the chauffeurs in the putative class, Blacklane's records reflect 89,208 trips between Newark International Airport and New York during the six-year period prior to the filing of the Complaint in this matter. Tolls for such trips between New York and Newark International Airport will generally exceed $20 per trip, inclusive of tolls for any tunnel between New York and Newark International Airport, Port Authority fees, New Jersey Turnpike fees, and congestion fees. The sum of the tolls that Plaintiff seeks to recover on behalf of the putative class thus exceeds $1,784,160. Plaintiff contends that Blacklane's failure to remit such tolls is a

violation of New Jersey's wage laws (*see* Compl. ¶ 129) and appears to seek treble damages on such sums, which would total in excess of $5,352,480.

24. In total, while Blacklane categorically denies that it has any obligations to Plaintiff or the members of the class that he aspires to represent, if he were to succeed on the claims in his Complaint, the total amount in controversy would be **$14,887,617.57**, exclusive of attorneys' fees, interest, or punitive damages.

**BLACKLANE HAS SATISFIED THE REMINING PROCEDURAL REQUIREMENTS FOR REMOVAL**

25. This Notice of Removal is being filed in the United States District Court for the District of New Jersey, Camden Vicinage because this is the district court vicinage in which the State Court Action is pending. 28 U.S.C. § 1441(a).

26. Pursuant to 28 U.S.C. § 1446, Defendant will file written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, with the Clerk of the Superior Court of New Jersey, Gloucester County, Law Division.

27. Defendant will also serve a copy of the notice filed with the Superior Court of New Jersey on counsel for Plaintiff.

28. By filing this Notice of Removal, Defendant does not waive any defenses available at law, in equity, or otherwise.

WHEREFORE, Defendant respectfully requests that the above-referenced civil action proceed in the United States District Court for the District of New Jersey, Camden Vicinage as an action properly removed thereto.

Dated: October 28, 2024                             Respectfully submitted,

                                                                BLACKLANE NORTH AMERICA INC.

By: */s/ Robert T. Szyba*
Robert T. Szyba – ID No. 020082009
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
rszyba@seyfarth.com

Barry J. Miller (*pro hac vice* anticipated)
Anthony S. Califano (*pro hac vice* anticipated)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801
bmiller@seyfarth.com
acalifano@seyfarth.com

*Attorneys for Defendant Blacklane North America Inc.*

-12-

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, a true and correct copy of DEFENDANT'S NOTICE OF REMOVAL WITH EXHIBITS A AND B, CIVIL COVER SHEET, and DIVERSITY JURISDICTION FORM, were electronically filed with the Clerk of the District Court and served upon counsel for Plaintiff at the following address of record via FedEx overnight mail, postage prepaid:

Jeremy E. Abay, Esq.
Lichten & Liss-Riordan, P.C.
76 E. Euclid Avenue, Suite 101
Haddonfield, NJ 08033

Shannon Liss-Riordan, Esq.
Matthew Carrieri, Esq.
729 Boylston Street, Suite 2000
Boston, MA 02116

*/s/ Robert T. Szyba*
Robert T. Szyba

Dated: October 28, 2024